## ERBEN *vs.* LORILLARD.

Unless a jury has clearly and palpably decided against the weight of evidence, their verdict will not be set aside.

L. applied to the New York Gas Company to purchase a piece of land. The price asked by the president was $75,000, and he told L. that E. would take the land on lease at a rent of eight per cent on the cost. L. then called on E., who said he would take a lease for 21 years, at 8 per cent on the purchase price, but that he thought the price asked was too high, and that the property could be got for $60,000. L. then employed E. to negotiate the purchase at the latter sum, under a promise of a lease for 21 years at 8 per cent. E. negotiated with the company until they agreed to sell at $55,000, at which amount L. purchased, and took a conveyance. L. then refused to fulfill his agreement with E. and leased the property to other persons. In an action by E. to recover of L. for his services, the plaintiff, as evidence pertinent to show the value of his services, offered to prove the value of the promised lease. The evidence was admitted, under objection, but in summing up, the judge directed the jury to leave out of view all evidence given of the value of the lease. The jury having rendered a verdict in favor of the plaintiff for $2000; the court refused to set aside such verdict as being against the weight of evidence. ROOSEVELT, J., dissented.

APPEAL from an order made at a special term. In November, 1849, the defendant applied to the New York Gas Company to purchase some land at the corner of Canal and Center streets. The price asked by the president was $75,000, and he informed the defendant that the plaintiff, Erben, would

Erben *v.* Lorillard.

take the land on lease at a rent of 8 per cent on the amount of the purchase. Upon this the defendant called on the plaintiff, who said he would take a lease for 21 years at 8 per cent on the purchase, whatever the land could be got at, but that he thought the price asked was too high, and that the property could be got for $60,000. The defendant then employed the plaintiff to negotiate the purchase at the latter sum, under a promise of a lease for 21 years at 8 per cent on the purchase. The plaintiff thereupon, did negotiate with the company, and after much effort, succeeded in getting their price reduced to $60,000, when the defendant refused to purchase at that price, but offered to take it at $48,000 or $50,000. The plaintiff again renewed the negotiation, and the company ultimately agreed to sell at $55,000, at which amount the defendant purchased, in February, 1850, and took a conveyance. Having obtained the land, the defendant refused to fulfill his agreement with the plaintiff, and leased the property to other parties. This action was brought to recover for the services so rendered, and the defense was, 1st. A denial of the retainer or employment of the plaintiff, alleging that if he did interfere in the negotiation, it was his voluntary act. 2d. That the agreement, not being in writing, is void by the statute of frauds. As evidence pertinent to show the value of the services, the plaintiff offered to prove the value of the promised lease. The evidence was admitted, subject to the defendant's exception, but, in summing up, the presiding judge directed the jury to leave out of their view all evidence given of the value of the lease. To which ruling the plaintiff excepted. The jury rendered a verdict in favor of the plaintiff for $2000. His honor Judge MITCHELL, at a special term, ordered a new trial; and from that order the plaintiff appealed.

*H. Smales,* for the plaintiff. I. The jury have found that the plaintiff was not a volunteer, but that the services were performed on the retainer of the defendant, and their finding is conclusive. It was a question of fact, and plainly submitted to them.

II. Admitting the agreement to have been void by the statute of frauds, the plaintiff is entitled to recover for his services. (*Burlingame* v. *Burlingame,* 7 *Cowen,* 92. *King* v. *Brown,* 2 *Hill,* 485. *Sprague* v. *Blake,* 20 *Wend.* 61.)

III. The facts constituting the agreement were necessarily and properly in evidence, to rebut the allegation in the answer "that if the plaintiff did interfere in the negotiation for said property, it was his own voluntary act, and that said defendant never did employ him as his agent, or otherwise, in relation thereto."

IV. The measure of damages is the compensation agreed to by the parties themselves for the services, i. e. the lease, or its value. (*Sedgwick on Damages,* 192, 193. *Jack* v. *McKee,* 9 *Barr,* 235. *De Medina* v. *Polson,* 1 *Holt's R.* 47. *Doe* v. *Bell,* 5 *T. R.* 471. *Sprague* v. *Blake,* 20 *Wend.* 61. *Cases cited above.*)

V. The parties having themselves agreed that the compensation for the services should be "a lease," evidence of the pecuniary value of the lease is a proper and the only legal mode of determining the compensation for the services. The agreement was mutually binding on them, and it is not competent for either party to vary the terms, more especially for the defendant to do so, after the plaintiff's part of the agreement has been entirely performed.

VI. If the lease had proved worthless, a tender of it by the defendant would have been equivalent to performance on his part, and the plaintiff could not have refused the lease, and demanded a pecuniary compensation. The value of the plaintiff's services being then determined *against* him by the value of the lease, it follows that the same rule must hold good in his favor ; *otherwise* the agreement would be binding on the plaintiff and not on the defendant ; and the amount of compensation would depend upon whether the defendant chose to perform or repudiate the agreement.

VII. An agreement void by the statute of frauds, is competent evidence, where a right of action has arisen from its full or partial execution ; and so far as the right of action is

recognized and can be enforced, the terms of the agreement are binding on the parties. *As to sales of land :* In *Burlingame* v. *Burlingame,* (*supra,*) the plaintiff agreed to work three years for a piece of land. Evidence of the value of the land was admitted. (*Opinion of Ch. Justice Nelson in King* v. *Brown.*) In *King* v. *Brown,* (*supra,*) such evidence was held improper, *because* the parties had themselves fixed the amount of compensation " $40, *to be paid in work." As to leases :* De *Medina* v. *Polson,* (*supra,*) the agreement, though void, was held to fix the amount of rent, and evidence of value of the premises excluded. In *Doe* v. *Bell,* (*supra,*) a void agreement was held to regulate the amount of rent and the terms of the holding. *As to sales of goods :* Where goods are sold under a void contract, the contract price governs. (*Sprague* v. *Blake,* 20 *Wend.* 61.)

VIII. The contract having been entirely performed on the part of the plaintiff, is no longer within the operation of the statute ; a specific performance could have been enforced, had not the defendant, by leasing the land, disabled himself from performance. For the reason that otherwise the statute would be made the means of enabling the refusing party to commit a fraud. (2 *Story's Eq. Jur.* 759, 674. *Lowry* v. *Tew,* 3 *Barb. Ch. R.* 407. *Rhodes* v. *Rhodes,* 3 *Sandf. Ch. R.* 279.)

IX. The grounds on which a plaintiff is entitled to recover in cases like the present, are, that the performance by one of the parties, takes the case out of the statute, and that by accepting the performance the party is estopped from pleading the statute.

*C. W. Sandford,* for the defandant. I. The court erred in permitting Mr. Fox to testify as to Erben's declarations to him about a lease. (1.) His declarations to Fox are not evidence in his own favor. (2.) Verbal agreements for a lease of land not admissible. (3.) No agreement for a lease is set forth in the complaint.

II. The court erred in permitting evidence of the value of such a lease as Erben claimed to be entitled to. (1.) It was

Erben *v.* Lorillard.

calculated to lead the jury from the real issue. (2.) It was giving the plaintiff the benefit of a supposed verbal contract for land, which was not binding, even if proved. (3.) It was trying an issue not contained in the pleadings.

III. The plaintiff should have been nonsuited, on the defendant's motion. (1.) No evidence of any employment of plaintiff as agent or broker had been given. (2.) If the evidence proved any thing, it proved that plaintiff busied himself in the expectation of obtaining a lease, and not for a commission. (3.) If the evidence proved a breach of an agreement for a lease, it could not go to the jury under the pleadings. (4.) There was no offer proved by the plaintiff to take a lease, and no refusal to give a lease by the defendant.

IV. The verdict was against evidence. It was clearly proved, that Erben abandoned all claim upon the premises. He made no claim for services, except for a lease, which he declined, at the rate the defendant supposed and understood he was willing to give.

CLERKE, J. This is a motion for a new trial, on the ground that the verdict was against the weight of evidence. All the questions were clearly and directly submitted to the jury by the judge, viz. as to the performance of the services, and as to the value of those services. Although the compensation which they have allowed was large, they were much more capable than we can be, of correctly ascertaining the value of the services rendered by the plaintiff to the defendant. It would be mere speculation, on our part, to suppose that they took the expected lease into consideration in measuring the compensation, particularly when the judge expressly told them that " they could not resort to the lease to determine the value of the services." There is certainly nothing in the case to induce us to say that the jury clearly and palpably decided against the weight of evidence. And under no other circumstances can I ever consent to set aside the verdict of a jury.

DAVIES, J., concurred.

Erben *v.* Lorillard.

ROOSEVELT, J., (dissenting.) The alleged contract, not in writing, to give a lease for a term of years, if made, was void by the statute of frauds. On this point there is no dispute. And yet the jury, in effect, have declared it valid and given damages for its breach. This they had no legal power to do ; and their verdict consequently, being against law, should not be allowed to stand.

As to any claim on the ground of the supposed value of the plaintiff's services, independently of the alleged express agreement, it is a sufficient answer to it to say, in the language of one of the points made on his behalf, that the plaintiff is not a land broker, and was not employed to negotiate the purchase of the land in question for a pecuniary compensation.

There was no contract, as it seems to me from the whole evidence, verbal or written, made or intended to be made. There was not even an understanding. The utmost that can be said is that there was a misunderstanding. The plaintiff on his part bound himself to nothing, and it is equally clear that the defendant (whatever the plaintiff may have supposed) bound himself to nothing. There was a talk no doubt—perhaps several of them—there was precisely that kind of intercommunication from which disputes so often arise and against which (as matters of suit at law) the statute was intended to guard both the public and the parties.

The verdict is against law and evidence, and the order made at special term, setting it aside, and directing a new trial, should be affirmed.

Order appealed from reversed, and new trial denied.

[NEW YORK GENERAL TERM, September 8, 1856. *Roosevelt, Davies* and *Clerke,* Justices.]